UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joseph Louis Young III, | ) | |
| | ) | C/A No.: 6:10-cv-70208-GRA |
| Petitioner, | ) | (Cr. No. 6:07-cr-113-GRA) |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Respondent's Motion for Summary Judgment on Petitioner Joseph Louis Young III's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion"). This Court has thoroughly reviewed the Motion, the parties' arguments, and the records in this case. This Court finds that a decision may be rendered on Respondent's Motion without a hearing. *See* 28 U.S.C. § 2255(b). For the reasons stated below, this Court grants Respondent's Motion for Summary Judgment and, accordingly, denies Petitioner's § 2255 Motion.

### Background

On August 31, 2007, Petitioner plead guilty to the following offenses: (1) knowingly possessing a firearm and ammunition despite being a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); (2) possession with intent to distribute marijuana and crack cocaine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D); and (3) knowingly using a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On December 10, 2007, this Court sentenced Petitioner to 262 months of imprisonment and 5 years of supervised release.

On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions but vacated his sentence on procedural grounds and remanded his case to this Court for re-sentencing. *United States v. Young*, 296 F. App'x 314, 317 (4th Cir. 2008) (per curiam) ("*Young I*"). Petitioner also argued the following: (1) his federal sentence was invalid on double jeopardy grounds; (2) he did not plead guilty to the drug charge; (3) counsel promised him a lower sentence than he received; and (4) this Court wrongly included a prior offense in his criminal history, resulting in Career Offender status. *Id.* The appellate court concluded that none of these arguments had merit. *Id.*

On December 30, 2008, this Court re-sentenced Petitioner, again to 262 months of imprisonment and 5 years of supervised release.

Petitioner then appealed to the Fourth Circuit Court of Appeals a second time, arguing ineffective assistance of counsel and, as he did in his first appeal, challenging his guilty plea. *United States v. Young*, 361 F. App'x 516, 517 (4th Cir. 2010) (per curiam) ("*Young II*"). The appellate court affirmed. The court concluded that because it had already affirmed Petitioner's conviction in his first appeal, he was barred from directly challenging it a second time. *Id.* As for

Petitioner's ineffective assistance of counsel claim, the court found that Petitioner's allegation was not reviewable on direct appeal. *Id.* at 517–18.

Petitioner filed his § 2255 Motion on June 17, 2010, arguing three claims of ineffective assistance of counsel, in violation of the Sixth Amendment. On August 31, 2010, Respondent filed a response and moved for summary judgment, arguing that there was no issue of material fact and that summary judgment should be granted against Petitioner. On September 2, 2010, this Court entered a *Roseboro* order directing Petitioner to respond to Respondent's Motion. Petitioner responded on October 4, 2010, and filed a memorandum in support the next day.

## **Standard of Review**

Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute provides four grounds upon which such relief may be granted: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, § 2255 requires a petitioner to prove these grounds by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

Here, Respondent has moved for summary judgment. Summary judgment is appropriate where the admissible evidence shows that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 317.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**<u>Discussion</u>**

Petitioner's claims are barred as veiled restatements of arguments he made, and lost, on direct appeal to the Fourth Circuit Court of Appeals. Regardless, Petitioner's claims fail on the merits.

I. **Collateral Attack on Issues Raised on Direct Appeal**

A comparison of Petitioner's § 2255 Motion to the arguments he made to the Court of Appeals reveals that Petitioner is now attempting to re-litigate issues that have already been decided adversely to him on direct appeal. In his first appeal, Petitioner made four arguments, each of which the Court of Appeals concluded lacked merit. First, Petitioner argued that his drug conviction violated the Double Jeopardy Clause. *Young I*, 296 F. App'x at 317. "However," the Fourth Circuit held, "the dual sovereignty doctrine permits prosecution by state and federal sovereigns on the same charges." *Id.* Second, Petitioner claimed he did not plead guilty to the drug charge, but the Fourth Circuit found that the claim was "belied by the record." *Id.* Third, Petitioner asserted "that counsel promised him a lower sentence than he received," but the appellate court rejected this assertion, noting that Petitioner "stated under oath that no one promised him a particular sentence." *Id.* Finally, Petitioner argued that this Court wrongly included a juvenile offense in

determining that he was a career offender, but the Fourth Circuit concluded that the offense "was properly included in his criminal history pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(A) (2006)." *Id.*

In his § 2255 Motion, Petitioner now seeks to place these precise arguments within the ambit of § 2255 by making a constitutional claim: that his counsel violated his Sixth Amendment rights by not presenting these meritless assertions to this Court.[1] It is thus clear that, in an effort to re-litigate issues on which the Court of Appeals already ruled against him, Petitioner has cloaked—very thinly—his prior arguments in the language of ineffective assistance of counsel. This is something Petitioner simply may not do. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a defendant may not "recast under the guise of a collateral attack, questions fully considered by this court [on direct appeal]"); *United States v. Austin*, No. 6:05-cr-815-HMH, 2008 WL 2169888, at *1 (D.S.C. May 21, 2008) (stating that a prisoner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal) (quoting *Clemons v. United States*, No.

---

[1] In his § 2255 Motion, Petitioner styles his third ground for relief as one pertaining to Federal Rule of Criminal Procedure 11(d), which concerns withdrawal of a guilty plea. (Pet'r's Mot. 8, ECF No. 83.) However, Petitioner's explanation for this stated ground is that he pleaded guilty only to the gun charge and that the Court should have inquired whether anyone promised Petitioner something in return for pleading guilty. (*Id.*) Accordingly, in substance, this ground re-asserts two of Petitioner's failed arguments before the Fourth Circuit Court of Appeals. *See Young I*, 296 F. App'x at 317.

3:97-cr-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005))), *certificate of appealability denied*, 313 F. App'x 622 (4th Cir. 2009).

Petitioner has not demonstrated any support whatsoever for the allegations in his motion. His issues were addressed and denied. He cannot now raise them on collateral attack. To prevail on his Motion, Petitioner must prove one of the grounds for relief set forth in § 2255. *See United States v. Addonizio*, 442 U.S. 178, 184–85 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962). Petitioner's claims do not satisfy those exacting standards and his claims fail.

## II.  Claims of Ineffective Assistance of Counsel

Even assuming that Petitioner could re-argue these claims under the guise of ineffective assistance of counsel, the claims are wholly without merit. Petitioner raises the following grounds for granting his § 2255 Motion:

(1) "Counsel['s] failure to challenge use of predicate conviction to classify defendant as career offender";

(2) "Counsel['s] failure to move for dismissal of count two of the indictment on double jeopardy grounds"; and

(3) "Counsel['s] failure to instruct district court to make adequate Rule 11(d) inquiry into defendant's promise made off the record."

(Pet'r's Mot. 5, 6, 8, ECF No. 83.)

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of

reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. As to the prejudice prong, Petitioner has the burden to prove that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693.

A petitioner who argues ineffective assistance of counsel following a guilty plea faces a higher burden for prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985). He must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See Strickland*, 466 U.S. at 697.

Here, the lack of prejudice is clear. Petitioner never shows, as he must, how his attorney's alleged failures impacted the outcome of his case. When faced with Petitioner's arguments on direct appeal, the Court of Appeals concluded that the conviction and sentence imposed by this Court were, in all material respects, proper.

Accordingly, even assuming that Petitioner can rebut the presumption that his counsel rendered reasonable professional assistance, he cannot show that the result of the proceedings would have been different had counsel done more. As such, he has shown no error of constitutional magnitude. Therefore, his claims for ineffective assistance of counsel fail.

IT IS THEREFORE ORDERED THAT Respondent's Motion for Summary Judgment is GRANTED and Petitioner's § 2255 Motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  14 , 2010
Anderson, South Carolina

## CERTIFICATE OF APPEALABILITY[2]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

*/s/ G. Ross Anderson, Jr.*
G. Ross Anderson, Jr.
Senior United States District Judge

---

[2] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).